1 | MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
2 | RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
3 | SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
4 | SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:   (619) 232-4261
5 | FACSIMILE:   (619) 232-4840

6 | Attorneys for *Specially Appearing* Defendant HARRAH'S RINCON RESORT & CASINO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RANDOL,<br><br>    Plaintiff,<br><br>vs.<br><br>HARRAH'S RINCON RESORT & CASINO and DOES 1-10,<br><br>    Defendants. | CASE NO. 08-CV-0642 W BLM<br><br>Action Date:   January 18, 2008<br>Judge:         Hon. Thomas J. Whelan<br>Mag. Judge:    Hon. Barbara L. Major<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY *SPECIALLY APPEARING* DEFENDANT HARRAH'S RINCON RESORT & CASINO PURSUANT TO F.R.Civ.P. 12(b)(1),(2),(6),(7)<br><br>ACCOMPANYING PLEADINGS:<br>NOTICE OF MOTION AND MOTION; DECLARATIONS OF RONALD R. GIUSSO AND MICHAEL E. KOSTRINSKY; NOTICE OF LODGMENT OF EXHIBITS; [PROPOSED] ORDER<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE**<br><br>Date:        May 19, 2008<br>Time:        9:30 a.m.<br>Courtroom:   7 |

24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

CASE NO. 08-CV-0642 W BLM

# I.

## INTRODUCTION

Plaintiff has sued *Specially Appearing* Defendant Harrah's Rincon Resort & Casino (a non legal entity) alleging claims for premises liability. The Rincon Casino & Resort is located on the Rincon Indian Reservation in Valley Center, California, and is owned, controlled, and operated by the Rincon San Luiseno Band of Mission Indians. Plaintiff has submitted no claim against or with the Rincon San Luiseno Band of Mission Indians or its Tribal Council.

*Specially Appearing* Defendant seeks an order dismissing Plaintiff's Complaint because this Court lacks subject matter jurisdiction over Plaintiff's claims which must be brought before the Tribe based on both the doctrine of sovereign immunity and the Tribal-State Gaming Compact. Second, this Court lacks personal jurisdiction over *Specially Appearing* Defendant Harrah's Rincon Resort & Casino as there is no such legal entity. In addition, Plaintiff has named the wrong entity and, accordingly, Plaintiff's Complaint does not state a claim for which relief may be granted, and it must be dismissed as a matter of law.

# II.

## PERTINENT FACTS

Plaintiff has filed this action for injuries allegedly suffered while at a casino commonly referred to as Harrah's Rincon Resort & Casino ("the Casino")[1], alleging essentially that Plaintiff slipped and injured himself somewhere in the casino. (Exh. 1.) Plaintiff's Complaint is devoid of any further specific factual allegations.

The Casino is located on the reservation of the Rincon San Luiseno Band of Mission Indians, a federally-recognized sovereign Indian tribe (the "Tribe"). (Kostrinsky Decl., ¶ 2.) The

---

[1] Although named as a party, "Harrah's Rincon Resort & Casino" is not a legal entity.

Casino is owned, controlled, and its operations are managed by the Tribe pursuant to the Indian Gaming Regulatory Act ("IGRA"), as well as the Tribal-State Gaming Compact (the "Compact") between the Tribe and the State of California. (Kostrinsky Decl., ¶ 2; Exh. 2.)

The Casino's creation was dependent upon government approval at numerous levels, in order for it to conduct gaming activities permitted only under the auspices of the Tribe. The IGRA, 25 U.S.C. § 2710(d)(1), required the Tribe to authorize the Casino through a tribal ordinance and an interstate gaming compact. The Tribe and California entered into such a compact "on a government-to-government basis." These extraordinary steps were necessary because the Casino is not a mere revenue-producing tribal business, but pursuant to the IGRA, the creation and operation of Indian casinos is designed to promote "tribal economic development, self-sufficiency, and strong tribal governments." (25 U.S.C. § 2702(1).) One of the principal purposes of the IGRA is "to insure that the Indian tribe is the primary beneficiary of the gaming operation." (*Id.*, § 2702(2).)

As reflected in the Compact that created the Casino, the policy behind establishing the Casino was to "enable the Tribe to develop self-sufficiency, promote tribal economic development, and generate jobs and revenues to support the Tribe's government and governmental services and programs." (Exh. 2.) The Rincon San Luiseno Band of Mission Indians maintains ultimate authority and control over all operations and decisions concerning the business, maintenance and management of the Casino and the entire Rincon Reservation. (Kostrinsky Decl., ¶ 5.) To this date, Plaintiff has filed no claim with the Tribe. (Kostrinsky Decl., ¶ 6.)

### III.

### ARGUMENT

**A.   This Court Does Not Have Subject Matter Jurisdiction to Adjudicate This Dispute.**

It is the plaintiff who bears the burden of establishing subject matter jurisdiction. (*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994);

1  *Penteco Corp. v. Union Gas Systems, Inc.*, 929 F.2d 1519 (10th Cir. 1991); *Stock West Inc. v. Confederated Tribes*, 873 F2d 1221, 1225 (9th Cir. 1989).) Any party may seek dismissal of an action for lack of subject matter jurisdiction. (*Napolean Hardwoods, Inc. v. Professionally Designed Benefits, Inc.* (7th Cir. 1993) 984 F2d 821, 822.) In considering a motion to dismiss under Rule 12(b)(1), courts are not limited to the facts pled in the complaint, but can and should weigh evidence and determine facts in order to satisfy itself as to its power to hear the case. (*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).)

It is not known who Plaintiff actually intended to sue in this action. Plaintiff has sued "Harrah's Rincon Resort & Casino", which is not a legal entity and does not own, operate, or in any way manage the Casino at issue. (Kostrinsky Decl., ¶ 3.) And, although Plaintiff did not sue the Tribe, which owns and operates the Casino, the Tribe will nonetheless be economically affected by any claim for damages arising from an injury or occurrence at the Casino. Regardless of who Plaintiff intended to sue for his alleged injuries flowing from the alleged slip and fall, this action should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1. **Indian Tribes Retain Inherent Civil Jurisdiction Over The Conduct Of Non-Indians Within Their Reservation Unless Congress Expressly Divests The Tribe Of Such Jurisdiction.**

The United States Supreme Court has consistently guarded the authority of Indian governments over their reservations. (*Williams v. Lee,* 358 U.S. 217, 223 (1959).) Indian tribes remain a separate people with power to regulate internal and social relations. (*Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 54 (1978).) This includes claims and transactions involving the reservation, as well as non-Indians. (*Williams,* 358 U.S. at 223.) In *Montana v. U.S.*, 450 U.S. 544 (1981), the Supreme Court expounded on the *Williams* decision, holding that a Tribe retains civil authority over the conduct of non-Indians within its reservation which involve: 1) activities of nonmembers who enter consensual relationships with the tribe or its members; or 2) the

///

activities or conduct threatens or has some direct effect on the political integrity, the economic security, or the health and welfare of the tribe. (*Id.*, at 565-566.)

Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty. (*Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 18 (1987).) Unless affirmatively limited by a specific treaty provision or federal statute, jurisdiction over civil matters presumptively lies with the Tribe. (*Id.*)

In this case, Plaintiff, a patron of the Casino, is a non-Indian who engaged in a consensual relationship with the Tribe on the reservation by voluntarily going to the Casino. Plaintiff now claims injuries resulting from his consensual relationship with the Tribe related to an occurrence at the Casino which is located on the Tribe's land and which is owned and operated by the Tribe. Thus, Plaintiff's claim necessarily affects the political integrity, economic security, and health and welfare of the Tribe. As a consequence, this Court lacks subject matter jurisdiction over this matter and it should be dismissed.

2. **The Determination Of Jurisdiction In This Dispute Must Be Made By The Tribe.**

The determination of whether a tribe has jurisdiction over non-Indians in civil cases must be made in the first instance by the tribe itself. (*National Farmers Union Insurance v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985).) Therefore, this Court must dismiss Plaintiff's case so that the claims can be properly brought before the Tribe. (*See generally, Allen v. Gold Country Casino*, 464 F.3d ;1044 (9th Cir. 2006); *Kaul v. Wahquahboshkuk*, 838 F.Supp. 515 (D.Kan. 1993).)

Case law recognizes Congress' commitment to a policy of supporting tribal self-government and self-determinations. (*National Farmers Union Ins.*, 471 U.S. at 856.) This policy favors a rule that will provide the forum whose jurisdiction is being challenged the first

opportunity to evaluate the factual and legal basis for the challenge. (*Id.*) Therefore, the tribe should have its opportunity to determine its own jurisdiction. (*Id.*) Where there is a question of jurisdiction, no court should exercise jurisdiction until the parties have exhausted their tribal remedies. (*Kaul*, 838 F. Supp. at 516.) This rule -- known as the rule of "tribal exhaustion" -- encourages tribal self-government by requiring that non-Indian litigants pursue their claims before the tribe. (*Id.*) Exhaustion of tribal remedies also encourages the tribe to explain to the parties the precise basis for accepting jurisdiction, and provides other courts with the benefit of their expertise in such matters in the event of further judicial review. (*National Farmers Union Ins.*, 471 U.S. at 856.)

In *Kaul*, the determination of whether tribes have jurisdiction over non-Indians doing business on a reservation in a civil case was required to be made in the first instance by the Tribe itself. (*Kaul*, at 517.) The court in *Kaul* noted that a Plaintiff "is not able to escape the exhaustion doctrine by sitting on her tribal remedies." (*Id.*) The District Court proceeded to dismiss the plaintiff's claim for lack of subject matter jurisdiction, stating: "the better course is to dismiss the plaintiff's suit so that she can pursue her tribal remedies." (*Id.*, at 518.) Therefore, this Court should dismiss Plaintiff's complaint so the issue of jurisdiction may be properly decided within the Rincon Band of Mission Indians Tribe.

3.   **The Patron Tort Claims Ordinance Controls Over Plaintiff's Claim.**

The Tribal-State Gaming Compact between the Tribe and the State of California required that prior to the commencement of gaming activities, the Tribe was to carry no less than five million dollars ($5,000,000) in public liability insurance for patron claims, and was to adopt and make available to patrons a tort liability ordinance setting forth terms and conditions under which the Tribe waives immunity to suit for money damages resulting from intentional or negligent injuries to persons or property at the gaming facility or in connection with the Tribe's gaming operation, including procedures for processing any claims for such money damages. (*See*, Exhibit 2, p. 31.) The Tribe has since adopted the Patron Tort Claims Ordinance, which authorized a

"limited waiver of its sovereign immunity to suit but only in the forum identified in the ordinance." (Exh. 3.)

Plaintiff contends that while present at Harrah's Rincon Casino & Resort, he slipped and fell and was injured. As such, Plaintiff may file a timely claim with the Tribe to avail himself of this limited waiver of sovereign immunity. (*See*, Exh. 3.) Therefore, this Court should dismiss Plaintiff's complaint so the issue of jurisdiction may be properly decided by the Tribe.

**B.    This Court May Not Exert Personal Jurisdiction Over *Specially Appearing* Defendant Harrah's Rincon Resort & Casino.**

A case must be dismissed if the court lacks personal jurisdiction over the defendant. (*Kulko v. Sup. Ct.*, 436 U.S. 84, 91 (1978); F.R.Civ.P. 12 (b)(2).) The Due Process Clause of the Fourteenth Amendment limits a state's power to hail a non-resident defendant into its courts. (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).) Plaintiff bears the burden of establishing personal jurisdiction. (*Am Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).) The long arm statute of the state where the District Court resides determines whether personal jurisdiction exists. (*Aanestad v. Beech Aircraft Corp.*, 1 F.2d 1298, 1300 (9th Cir. 1974).) California's long arm statute reaches as far as the United States Constitution permits. (Cal. Code of Civ. Proc. § 410.10[2]; *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1286 (9th Cir. 1977).)

A party may not be brought before a court for random, fortuitous or attenuated contacts. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985).) Indeed, a court may only exercise jurisdiction over a party based on general or specific jurisdiction. (*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 445 (1996).)

---

[2]    California Code of Civil Procedure § 410.10 states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

1       A non-resident defendant may be subject to general jurisdiction only if its contacts with the forum state are substantial, continuous, and systematic. (*Helicoptores Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-415 (1984).) If the defendant's contacts are insufficient to establish general jurisdiction, a court may still assert specific jurisdiction if the nonresident defendant has sufficient "minimum contacts" with the forum state such that the assertion of jurisdiction does not violate traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).)

      Here, Plaintiff has sued *Specially Appearing* Defendant Harrah's Rincon Resort & Casino. There is no legal entity known as "Harrah's Rincon Resort & Casino." (Kostrinsky Decl., ¶ 3.) Therefore, this Court cannot, as a matter of law, have power to assert personal jurisdiction over Harrah's Rincon Resort & Casino, an entity which does not legally exist.

### IV.

### THE TRIBE IS AN INDISPENSABLE PARTY WHICH CANNOT BE JOINED IN THE FEDERAL ACTION.

      This action must also be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure because the Tribe is a necessary and indispensable party which, because of its sovereign immunity, cannot be joined to this action. Under Rule 19, the Tribe is both a necessary and indispensable party, without which the action should not proceed. (*See*, F.R.Civ.P. 19(b); *American Greyhound Racing v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002), *citing, Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999).)

    1.    **The Tribe Is A Necessary Party.**

      Federal Rule of Civil Procedure 19(a) provides for joinder of a party as "necessary" to the action, where <u>any</u> of the following are met:

///

///

///

> (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
>
>> (i) as a practical matter impair or impede the person's ability to protect that interest, or
>>
>> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

(F.R.Civ.P. Rule 19(a).)

Here, the Tribe meets the requirement of Rule 19(a)(1) and (2)(ii), as resolution of Plaintiff's complaint will turn on who, if anyone, bears responsibility for his alleged slip and fall at the Casino, which is owned and controlled exclusively by the Tribe. Inasmuch as the Tribe has ownership and ultimate authority over the Reservation and the Casino, a full and fair adjudication of liability, if any, cannot possibly occur in the absence of the Tribe being joined as a necessary party.

### 2.  The Tribe Is An Indispensable Party.

A necessary and indispensable party must be joined for an action to proceed. (*American Greyhound*, 305 F.3d. at 1024.) Where, as here, joinder of the Tribe as an indispensable party is not possible because of the Tribe's sovereign immunity, the action cannot proceed in "equity and good conscience" and must be dismissed. (*American Greyhound*, 305 F.3d at 1024.)

The four factors to determine whether an absent, necessary party is indispensable are: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and, (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. (F.R.Civ.P. Rule 19(b).)

*Specially Appearing* Defendant Harrah's Rincon Resort & Casino will be prejudiced as a result of the Tribe not being joined to this action. Plaintiff's complaint alleges obligations purportedly owed by the Tribe, for which the Tribe has defenses and it is not *Specially Appearing* Defendant's obligation to defend those claims. Harrah's Rincon Resort & Casino would be prejudiced significantly if forced to take a position potentially in conflict with that of the Tribe because the Tribe is not a party to this action and is unable to defend itself. Moreover, there is a potential that an unfavorable ruling or judgment may be entered against *Special Appearing* Harrah's Rincon Resort & Casino, if forced to defend not only their own interests, but those of the Tribe. This prejudice is sufficient to warrant dismissal of this action under 19(b). (*See*, *Lucero v. Lujan*, 788 F.Supp. 1180, 1183 (D.N.M. 1991), *aff'd*, 959 F.2d 245 (10th Cir. 1992).)

Additionally, Plaintiff has an alternative forum to pursue his claim under the procedures in place pursuant to the Tribal-State Gaming Compact and the Patron Tort Claims Ordinance. (Exhs. 2, 3.) Thus, the Rule 19(b) factors weigh strongly in favor of a finding that the Tribe is an indispensable party to this action. Because the Tribe has sovereign immunity and cannot be joined, this action must be dismissed and allowed to proceed pursuant to the procedures in place under the Tribal-State Gaming Compact and the Patron Tort Claims Ordinance.

**B.    Plaintiff Fails To State A Proper Claim Upon Which Relief May Be Granted.**

Even if the Court did have subject matter jurisdiction over Plaintiff's claim, this case should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as Plaintiff has not alleged a valid claim upon which relief could be granted. As noted above, "Harrah's Rincon Resort & Casino" is not a legal entity. (Kostrinsky Decl., ¶ 3.) As such, "Harrah's Rincon Resort & Casino" owes Plaintiff no duty of care. The Casino is located on the Reservation of the Rincon San Luiseno Band of Mission Indians, a federally-recognized sovereign Indian tribe, and is owned and operated by the Tribe under the Indian Gaming Regulatory Act, as well as the Tribal-State Gaming Compact between the Tribe and the State of California. (Kostrinsky Decl., ¶ 2.) The Tribe maintains ultimate authority and control over all decisions concerning the business,

maintenance and management of the Casino and its entire Reservation. (Kostrinsky Decl., ¶ 5.) Therefore, Plaintiff's Complaint has failed to state a proper claim as a matter of law, and it must be dismissed.

## V.

## CONCLUSION

As set forth above, Plaintiff's complaint violates the doctrine of sovereign immunity as he has failed to exhaust his tribal remedies. Moreover, this Court lacks personal jurisdiction over *Specially Appearing* Defendant Harrah's Rincon Resort & Casino; Plaintiff's claim lacks a necessary and indispensable party; and Plaintiff has not stated a cause of action upon which relief can be granted. Based on the foregoing, this action must be dismissed.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: April 16, 2008         By:   s/Maria C. Roberts
                                    Maria C. Roberts
                                    Ronald R. Giusso
                                    Attorneys for *Specially Appearing* Defendant
                                    HARRAH'S RINCON RESORT & CASINO