```
 1  EARL F. TRITT, III    State Bar No. 141754
    222 ASH STREET
 2  SAN DIEGO, CA. 92101
    TELEPHONE:   (619) 239-9695
 3  FACSIMILE:   (619) 239-1002

 4  Attorney for Plaintiff WILLIAM RANDOL
```

FILED

08 APR 28 PM 2:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM RANDOL, | ) | CASE NO. 08-CV-0642 W BLM |
| Plaintiff, | ) | Action Date: January 18, 2008 |
| | ) | Judge: Hon. Thomas J. Whelan |
| Vs. | ) | Mag. Judge: Hon. Barbra L. Major |
| HARRAH'S RINCON RESORT & CASINO And DOES 1-10 | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF SPECIALLY APPEARING DEFENDANT HARRAH'S RINCON RESORT AND CASINO PURSUANT TO F.R.Civ.P. 12(b) |
| Defendants. | ) | (1),(2),(6),(7) |

I.

INTRODUCTION

Plaintiff slipped and fell at Harrah's Rincon and Casino on January 30, 2006. Plaintiff initiated a report (exhibit One) with the casino on the same date. Due To plaintiff's worsening condition he submitted a claim to the casino's claims Third party administrators for Harrah's Rincon (exhibit two). After nearly a year of Negotiations plaintiff was unable to reach a settlement. Plaintiff was forced to fill A complaint to satisfy the state statute of limitations.

The plaintiff sued Harrah's Rincon Resort & Casino ("the casino") for his injuries. The plaintiff subsequently has learned through defendants pleadings that the true Owners of the casino are the Rincon San Luiseno Band of Mission Indians.

//

1  Plaintiff opposes defendants motion to dismiss because there is subject matter
2  Jurisdiction over the Indian tribe, plaintiff has already brought this action before
3  The third party administrator for the casino. Plaintiff has the ability and right to
4  Amend the complaint to add the owners of the casino, the Rincon San Luiseno Band of
5  Mission Indians.
6
7                                    II
8                                 ARGUEMENT
9  A.   This Court has Subject Matter Jurisdiction to Adjudicate this Dispute
10     Pursuant to 28 U.S.C. section 1332 " The District Courts shall have original
11  Jurisdiction  of all civil actions where the matter in controversy exceeds the sum or
12  Value of $75,000.00, and is between:
13          . Citizens of Different States
            . Citizens of a State and Citizens or subjects of a foreign state;
14
15     In this instant case the defendant is a sovereign nation, and the plaintiff is a
16  Citizen of the state of California. The matter in controversy is well over the
17  Statutory requirements.
18     1.      Indian Tibes may waive their immunity over the conduct of Non-Indians
                Within Their reservation when Entering into a Government to Government
19              Compact.
20     The casino is owned and controlled by the tribe pursuant to the Indian Gaming
21  Regulatory Act "AGRA") as well as the Tribal-Statute Gaming Compact(the "compact")
22  Between the tribe and the State of California.
23     The casino's creation was based upon Governmental approval to conduct gaming
24  Activities permitted by the tribe. The IGRA, 25 U.S.C. section 2710((d)(1), required
25  The tribe to authorize the casino through the tribal ordinance and an interstate
26  Gaming compact. As such the tribe is bound to abide by the provisions of the compact.
27  The compact by section 8.0 "Rules and Regulations for the operation and management of
28  Of the Tribal gaming Operation". Sets minimum  standards that shall ensure the

1  Physical safety of its patrons. In this case the Indian tribe clearly waived its

2  Sovereign immunity by agreeing that they could be held accountable for their negligent

3  Actions.

4  2.  The Patron Tort Claims Ordinance should be complied with, but shouldn't be used to dismiss this action

5

6     In this instant case the tribe has adopted the Patron Tort Claims Ordinance which

7  Enables plaintiff to use the tribal remedies for his benefit. The court in this case

8  Should stay the proceedings until the case has been adjudicated through the tribal

9  System. The plaintiff has submitted a claim with the administrative officer(exhibit

10 Three) to comply with this requirement.

11 3. The Tribe by Entering into an Agreement with the Government Waives it Sovereign Immunity as to Allow Patrons to join them as Parties in Interest.

12

13    As stated earlier the compact between the tribe and the government creates a

14 Limited immunity, which allows patrons to name them as parties to a cause of action.

15 Determination of indispensability of parties is bottomed on equitable principles.

16 Toney v. White,C.A.5(la.) 1973,476F.2d 203. In this instant case equity would allow

17 Patrons of casinos who were the victims of negligence to name them parties to an

18 Action.

19                              III

20                          CONCLUSION

21    As set forth above, Defendant waives its sovereign immunity by entering into an

22 Agreement with the government, allowing patrons to submit claims for negligence.

23 Based on the foregoing this action should not be dismissed.

24

25 Dated: April 25, 2008              By: *[signature]*
                                         EARL F. TRITT, III
26                                       Attorney for Plaintiff
                                         William Randol
27

28

[Summary of pleading] - 3