```
 1  MARIA C. ROBERTS, State Bar No. 137907
    mroberts@sheastokes.com
 2  RONALD R. GIUSSO, State Bar No. 184483
    rgiusso@sheastokes.com
 3  SHEA STOKES ROBERTS & WAGNER, ALC
    510 MARKET STREET, THIRD FLOOR
 4  SAN DIEGO, CALIFORNIA 92101-7025
    TELEPHONE:   (619) 232-4261
 5  FACSIMILE:   (619) 232-4840

 6  Attorneys for Specially Appearing Defendant HARRAH'S RINCON RESORT & CASINO
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RANDOL, | CASE NO. 08-CV-0642 W BLM |
| Plaintiff, | Action Date:  January 18, 2008<br>Judge:        Hon. Thomas J. Whelan |
| vs. | Mag. Judge:   Hon. Barbara L. Major |
| HARRAH'S RINCON RESORT & CASINO and DOES 1-10, | REPLY BY *SPECIALLY APPEARING* DEFENDANT HARRAH'S RINCON RESORT & CASINO IN SUPPORT OF MOTION TO DISMISS PURSUANT TO |
| Defendants. | F.R.Civ.P. 12(b)(1),(2),(6),(7) |
| | **NO ORAL ARGUMENT PURSUANT TO LOCAL RULE** |
| | Date:       May 19, 2008<br>Time:       9:30 a.m.<br>Courtroom:  7 |

///
///
///
///
///
///
///
///

CASE NO. 08-CV-0642 W BLM

## I.

## INTRODUCTION

Plaintiff WILLIAM RANDOL ("RANDOL") is legally wrong. The Rincon San Luiseno Band of Mission Indians ("Tribe") is not presently a party to this action, and therefore cannot form a basis for this Court's exercise of either subject matter or personal jurisdiction in this action. Moreover, the Tribe cannot ever be joined as a party to this action because it has never waived its sovereign immunity to suit in federal court. The only defendant in this action is not even a legal entity, and Plaintiff's Complaint has failed to state a claim as a matter of law. RANDOL has filed a claim pursuant to the Patron Tort Claims Ordinance, and if his claim is to proceed, it should proceed in the forum named in that Ordinance – the Inter-Tribal Court of Southern California. For all of these reasons, as set forth below, Plaintiff's Complaint must be dismissed.

## II.

## THIS ACTION MUST BE DISMISSED AS THE TRIBE IS AN INDISPENSABLE PARTY WHICH CAN NEVER BE JOINED IN THIS ACTION

Plaintiff concedes that the Tribe is an indispensable party and, in fact, states that he has the right to amend his Complaint to add the Tribe as a party to this action. (Oppo., p. 1:26 – 2:5.) The Tribe, after all, owns and operates the casino known as Harrah's Rincon Casino & Resort, pursuant to the Indian Gaming Regulatory Act and the Tribal-State Gaming Compact. (Kostrinsky Decl., ¶2.) However, the Tribe can **never** be joined as a party to this action. The Tribe has only executed a <u>limited</u> waiver of its sovereign immunity pursuant to the Tribal State Gaming Compact between the Tribe and the State of California. Under that Compact, the Tribe waived its immunity to claims, such as Plaintiff's, for personal injuries, but <u>only</u> under the provisions and in the forum provided for in the Patron Tort Claims Ordinance. The Tribal-State Gaming Compact provides, in pertinent part:

> ¶10.2 (d) […] On or before the effective date of this Compact or not less than 30 days prior to the commencement of Gaming Activities under this Compact, whichever is later, <u>the Tribe shall adopt and make available to patrons a tort liability ordinance setting forth the terms and conditions, if any, under which the Tribe waives</u>

> immunity to suit for money damages resulting from intentional or negligent injuries to person or property at the Gaming Facility or in connection with the Tribe's Gaming Operation, including procedures for processing any claims for such money damages; provided that nothing in this Section shall require the Tribe to waive its immunity to suit except to the extent of the policy limits set out above.

(Exh. 2, p. 31 (emphasis added).)

The Patron Tort Claims Ordinance sets forth the terms and conditions of the Tribe's limited waiver of immunity as follows:

> The Tribe hereby provides a limited waiver of sovereign immunity for the purposes of applying and enforcement of this Ordinance. This waiver of sovereign immunity shall be read narrowly and shall not allow for any remedy other than monetary damages which may only be derived from the Tribe's Class III Gaming insurance policy proceeds. In the event that the Class III Gaming insurance policy required by the Compact is ineffective and insurance proceeds are non-existent or insufficient, no further remedy is available. The Tribe hereby provides a limited grant of jurisdiction of matters arising solely out of and pursuant to this Ordinance to the Intertribal Court. This grant of jurisdiction to the Intertribal Court shall be narrowly construed and shall not give rise to any pendant jurisdiction for any related claims. **The Tribe has not waived the sovereign immunity of the Tribe from suit in state or federal court, or for any claims not specifically described herein**.

(Exh. 3, p. 6 (emphasis added).) Contrary to RANDOL's assertion, the Tribe has unequivocally not waived its immunity to suit in federal court and cannot be named as party in this action. Because the Tribe is an indispensable party (according to the Plaintiff's own admission), and it is immune from suit in federal court, this action must be dismissed.[1] (F.R.Civ.P. 12(b)(7); F.R.Civ.P. 19(b); *American Greyhound Racing v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002), citing, *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999).)

---

[1] The one case cited by Plaintiff in his entire brief, *Toney v. White*, 476 F.2d 203 (5th Cir. 1973) is wholly inapposite to the issues before this Court. In that case, plaintiffs filed suit under the Voting Rights Act alleging discrimination in voter registration against black candidates in certain parishes in Louisiana. The plaintiffs never named the actual candidates who were alleging discrimination, and the Fifth Circuit held that because the candidates' interests were fully represented in the lawsuit, they need not be named as parties to the lawsuit. (*Id.* at 207.) Here, of course, the Tribe is neither a party, nor are its interests represented by *Specially Appearing* Defendant.

## III.

## PLAINTIFF HAS FAILED IN HIS BURDEN TO ESTABLISH THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

Plaintiff discusses that the Court has "subject matter" jurisdiction to adjudicate this dispute, and argues that, "in the instant case the defendant is a sovereign nation, and the plaintiff is a Citizen of the state of California. The matter in controversy is well over the Statutory [*sic*] requirements." (Oppo., p. 2:9-17.) Plaintiff is simply incorrect that the "defendant is a sovereign nation" in this case. The Tribe is not presently a party to this action. The only named defendant is *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, which is not a legal entity. (Kostrinsky Decl., ¶ 3.)

RANDOL's discussion confuses the requirements for diversity jurisdiction with subject matter jurisdiction. (Oppo., *id.*) In any event, RANDOL is incorrect that this Court has subject matter jurisdiction over this action. The Tribe retains jurisdiction over the conduct of non-Indians (such as Plaintiff) within its reservation. (*See*, *Montana v. United States*, 450 U.S. 544, 565-66 (1981).) Moreover, the determination of jurisdiction must be made in the <u>first</u> instance by the Tribe itself. (*National Farmers Union Insurance v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985).) Therefore, this Court must dismiss Plaintiff's case so that the claims can be properly brought before the Tribe. (*See generally*, *Allen v. Gold Country Casino*, 464 F.3d ;1044 (9th Cir. 2006); *Kaul v. Wahquahboshkuk*, 838 F.Supp. 515 (D.Kan. 1993).) It is Plaintiff's burden to establish this Court properly has subject matter jurisdiction to adjudicate this dispute, and he has failed in his burden to do so. (*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Penteco Corp. v. Union Gas Systems, Inc.*, 929 F.2d 1519 (10th Cir. 1991); *Stock West Inc. v. Confederated Tribes*, 873 F2d 1221, 1225 (9th Cir. 1989).)

/ / /

/ / /

/ / /

/ / /

IV.

## RANDOL CONCEDES THAT THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER *SPECIALLY APPEARING* DEFENDANT

A case must be dismissed if the court lacks personal jurisdiction over the defendant. (*Kulko v. Sup. Ct.*, 436 U.S. 84, 91 (1978); F.R.Civ.P. 12 (b)(2).) Here, Plaintiff has sued *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, which is not a legal entity. (Kostrinsky Decl., ¶ 3.) Plaintiff concedes this fact. Therefore, this Court cannot assert personal jurisdiction over Harrah's Rincon Resort & Casino, an entity which does not legally exist. (*See, Helicoptores Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-415 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) It is Plaintiff's burden to establish the Court's proper exercise of personal jurisdiction over a defendant, and RANDOL has not met his burden. (*Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).)

V.

## RANDOL CONCEDES THAT THE COMPLAINT FAILS TO STATE A PROPER CLAIM UPON WHICH RELIEF CAN BE GRANTED

Nowhere in his opposition does RANDOL dispute that *Specially Appearing* Defendant Harrah's Rincon Resort & Casino is not a legal entity and that the Tribe owns and operates the Casino. (Kostrinsky Decl., ¶¶2, 3.) Equally absent is any argument to oppose *Specially Appearing* Defendant's motion to dismiss for failure to state a proper claim as a matter of law. Accordingly, the Complaint must be dismissed. (F.R.Civ.P. 12(b)(6).)

///
///
///
///
///
///
///

## VI.

## RANDOL IS PURSUING HIS CLAIM IN THE PROPER FORUM, THE INTER-TRIBAL COURT OF SOUTHERN CALIFORNIA

RANDOL has filed a claim with the Tribe pursuant to the Patron Tort Claims Ordinance. (Tritt Decl., ¶5.)[2] Thus, he will be able to pursue his claim for damages through the procedure and in the forum (the Inter-Tribal Court of Southern California) that has been instituted through the Patron Tort Claims Ordinance and the Tribal State Gaming Compact (Exhs. 2, 3.)

## VII.

## CONCLUSION

For all of the above reasons, and for all of the reasons set forth in the moving papers, *Specially Appearing* Defendant Harrah's Rincon Resort & Casino, a non-legal entity, requests that this Court dismiss this action.

SHEA STOKES ROBERTS & WAGNER, ALC

Dated: May 12, 2008        By:   s/Ronald R. Giusso
                                  Maria C. Roberts
                                  Ronald R. Giusso
                                  Attorneys for *Specially Appearing* Defendant
                                  HARRAH'S RINCON RESORT & CASINO

---

[2] Although Plaintiff's counsel's declaration states that "Plaintiff filed a claim under the Patriot Act", it is assumed that what was meant was that RANDOL has filed a claim under the Patron Tort Claims Ordinance, as there is no authority and no fact which would suggest applicability of the Patriot Act in this action.