FILED
08 MAY 19 PM 4:36
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM RANDOL,<br><br>Plaintiff,<br>vs.<br><br>HARRAH'S RINCON RESORT & CASINO,<br><br>Defendant. | CASE NO. 08-CV-0642 W (BLM)<br><br>ORDER GRANTING SPECIALLY APPEARING DEFENDANT'S MOTION TO DISMISS (Doc. Nos. 4, 5) |
|---|---|

 Plaintiff William Randol ("Plaintiff") originally commenced this action in San Diego Superior Court against Specially Appearing Defendant Harrah's Rincon Resort & Casino ("Defendant" or "Casino") alleging negligence and premises liability and seeking damages for personal injuries. On April 9, 2008 Defendant removed this action from San Diego Superior Court to the Southern District of California. (Doc. No. 1.) Pending before the Court is Defendant's motion to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(2), (b)(6), and/or (b)(7). (Doc. Nos. 4, 5.) The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's entire complaint.

///
///

## I. BACKGROUND

Plaintiff William H. Randol is a factory worker who resides in Vista, California. (*Pl.'s Opp'n* Ex. 1.) Specially Appearing Defendant Harrah's Rincon Resort & Casino is a casino located on the Rincon Indian Reservation in Valley Center, California. (*Def.'s Mot.* 1.) Both parties agree that Defendant is a non-legal entity; rather, the Rincon San Luiseno Band of Mission Indians, a federally-recognized sovereign Indian tribe (the "Tribe"), owns and operates the Defendant Casino.[1] (*Id.*; *Pl.'s Opp'n* 1; *Kostrinsky Decl.* ¶ 2.) The Tribe is not named as a party to this action.

On January 30, 2006 Plaintiff and his wife visited the Casino, expecting a night of dining and gambling. (*Pl.'s Opp'n* Ex. 3.) At approximately 6 p.m. Plaintiff needed to relieve himself and headed towards a restroom located between the gift shop and Rewards Center. (*Id.* Exs. 1, 3.)

Upon entering the restroom, Plaintiff allegedly observed an employee mopping the floor near the bathroom stalls. (*Id.* Ex. 1.) Plaintiff contends that the employee failed to use warning signs or pylons indicating the presence of a slippery surface. (*Id.*) As Plaintiff walked towards the first urinal, he allegedly slipped and fell on the wet floor and injured his left leg, ankle, and foot. (*Id.* Ex. 3.)

About a half-hour after injuring himself, Plaintiff filed a "Guest Report of Injury" detailing the circumstances of his fall. (*Id.* Ex. 1.) Although Defendant declares that Plaintiff has filed no claim with the Tribe, (*Kostrinsky Decl.* ¶ 5), Plaintiff submits evidence that he filed a claim with Sedgwick CMS, the third party claims administrator for the Casino. (*Id.* Ex. 2.)

On January 18, 2008 Plaintiff filed a personal injury complaint against Defendant in San Diego Superior Court. (*Def.'s Mot.* Ex. 1.) On April 9, 2008 Defendant removed this action from San Diego Superior Court to the Southern District of California. (Doc. No. 1.) On April 16, 2008 Defendant moved to dismiss this case

---

[1] The Casino is owned, controlled, and its operations are managed by the Tribe pursuant to the Indian Gaming Regulatory Act ("IGRA"), as well as the Tribal-State Gaming Compact (the "Compact") between the Tribe and the State of California. (*Kostrinsky Decl.* ¶ 2, Ex. 2.)

pursuant to Federal Rules of Civil Procedure[2] 12(b)(1), (b)(2), (b)(6), and/or (b)(7). On April 28, 2008 Plaintiff filed his response in opposition. (Doc. No. 6.) On May 12, 2008 Defendant filed its Reply brief. (Doc. No. 11.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(1): Subject Matter Jurisdiction

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter[.]" Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citing Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)); see also Marriot Intern., Inc. v. Mitsui Trust & Banking Co., Ltd., 13 F. Supp. 2d 1059, 1061 (9th. Cir. 1998).

### B. Rule 12(b)(2): Personal Jurisdiction

Rule 12(b)(2) provides that a court may dismiss a claim for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. Spacey v. Burgar, 207 F.Supp.2d 1037, 1042 (C.D. Cal. 2001); Ballard v Savage, 65 F.3d 1495, 1497 (9th Cir. 1995); Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d

---

[2] Unless otherwise specified, all future references to "Rule" will be to the Federal Rules of Civil Procedure.

1  299, 301 (9th Cir. 1986); <u>Flynth Distrib. Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1392 (9th
2  Cir. 1984).
3        When a defendant's motion to dismiss is made as its initial response to a
4  complaint, the plaintiff need only make a prima facie showing that personal jurisdiction
5  exists. <u>Motion, Inc. v. Environmental Tectonics Corporation</u>, 196 F.Supp.2d 1051,
6  1055 (D. Or. 2001); <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068, 1071 (9th Cir.
7  2001); <u>Data Disc., Inc. v. Sys. Technology Assoc., Inc.</u>, 557 F.2d 1280, 1285 (9th Cir.
8  1977). In this context, a "prima facie" showing means that plaintiff has produced
9  admissible evidence which, if believed, would be sufficient to establish the existence of
10 personal jurisdiction. <u>See</u> <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203-04 (5th Cir. 1989).
11 The allegations contained in the affidavits and pleadings may not be merely conclusory,
12 but rather, must assert particular facts which establish the necessary ties between the
13 defendant and the forum state. <u>H.M. Greenspun v. Del E. Webb Corp.</u>, 634 F.2d 1204,
14 1208 n.5 (9th Cir. 1980); <u>Jazini v. Nissan Motor Co., Ltd.</u>, 148 F.3d 181, 185 (2d Cir.
15 1998).

16

17     **C.**    <u>**Rule 12(b)(6): Failure to State a Claim**</u>
18       The Court must dismiss a cause of action for failure to state a claim upon which
19 relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule
20 12(b)(6) tests the complaint's sufficiency. <u>See</u> <u>North Star Int'l. v. Arizona Corp.
21 Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint,
22 "even if doubtful in fact," are assumed to be true. <u>Id.</u> The court must assume the truth
23 of all factual allegations and must "construe them in the light most favorable to the
24 nonmoving party." <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002); <u>see also</u>
25 <u>Walleri v. Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).
26       As the Supreme Court recently explained, "While a complaint attacked by a Rule
27 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
28 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964–65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

### D.   Rule 12(b)(7): Failure to Join Necessary/Indispensable Party

A district court has the authority to dismiss a complaint for failure to join a necessary and indispensable party. Fed. R. Civ. P. 12(b)(7). Under Rule 19(c), a pleading asserting a claim for relief must state the names, if known to the pleader, of any necessary or indispensable parties who are not joined in the action, and the reasons why they are not joined. Fed. R. Civ. P. 19(c). If necessary parties are not named, and their non-inclusion is not explained, the court must conduct a Rule 19 analysis when a Rule 12(b)(7) motion to dismiss is filed.

A Rule 19 analysis requires three analytical steps. First, the district court must "determine if an absent party is 'necessary.'" Quileute Indian Tribe v. Babbitt, 18 F.3d 1456, 1458 (9th Cir. 1994). Second, "[i]f a party is deemed to be necessary, the court must then determine if the party can be joined." Id. "If the party cannot be joined, the court finally must determine whether the party is indispensable so that in 'equity and good conscience' the action should be dismissed." Id. (citations omitted). If the party (1) is necessary, (2) cannot be joined, and (3) is indispensable, then dismissal is appropriate. See id.; see also American Greyhound Racing Inc. v. Hull, 305 F.3d 1015, 1022 (9th Cir. 2002).

Rule 15(a) allows the court to freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a). If a court determines that an unnamed party is in fact necessary and indispensable, it is within the district court's "sound discretion" to allow an amended pleading that adds the necessary parties. See, e.g., Grand Light &

Supply v. Honeywell, 771 F.2d 672, 680 (2d Cir. 1985). If a necessary and indispensable party cannot be joined, however, even an amended pleading cannot save the complaint from dismissal.

### III. DISCUSSION

Although Defendant premises its motion to dismiss on several 12(b) sub-sections, two themes consistently undergird each legal argument: (1) that Harrah's Rincon Resort & Casino is not a legal entity, and thus not subject to jurisdiction or suit; and (2) that the Tribe, the Casino's owner, enjoys sovereign immunity and is immune from suit in this federal forum. (Def.'s Mot. 2–9.)

Plaintiff acknowledges that the Tribe is the true owner of the Casino, and his arguments then proceed under the assumption that the Tribe will be considered as another defendant. (Pls.'s Opp'n 1–2.) Unfortunately, Plaintiff's opposition contains little legal analysis in concluding that the Tribe, by compacting with the State of California, has waived sovereign immunity from all suits. (Id. 2–3.) In the alternative, Plaintiff apparently concedes that he must pursue tribal remedies, but that the Court should stay this action until the case has been adjudicated through the tribal process. (Id. 3.) If the Court determines that the Tribe is an indispensable party, Plaintiff finally argues, equitable principles should allow Plaintiff to name the Tribe as a party to the action. (Id.)

Given the superficiality of dismissing Plaintiff's Complaint under Rule 12(b) because Defendant is a "non-legal entity," (which, at any rate, probably goes to capacity under Rule 17, DPR Constr., Inc. v. Anka (Cortez Hill) LLC, No. 06-CV-0025, 2007 U.S. Dist. LEXIS 42734, at *7–*8), the Court finds that deciding the motion under Rule 19 provides the best framework for getting to the heart of the jurisdictional dispute: whether the Tribe can be sued in this federal forum for alleged personal injuries arising out of an incident occurring in a Tribe-owned Casino located on Tribal land.
///

### A. The Tribe is a Necessary Party To This Lawsuit

Rule 19 states that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).

In this case, it is clear that the Tribe is a necessary party given that it enjoys sole ownership and ultimate authority over the Casino, the locus of the alleged injury. Plaintiff admits as much, as his entire Opposition presupposes that the Tribe's presence in the lawsuit is necessary to afford him any relief at all. Because the Tribe is a necessary party, the Court must then decide whether joinder is feasible.

### B. The Tribe Enjoys Sovereign Immunity and Cannot Be Joined In This Lawsuit

Indian tribes are sovereign entities and are therefore immune from nonconsensual actions in state or federal court. McClendon v. United States, 885 F.2d 627, 629 (9th Cir. 1989). Indian tribes can waive their sovereign immunity, but such waivers must be expressed unequivocally. Id. The issue of tribal sovereign immunity is jurisdictional in nature. Id.

In this case, the Tribe cannot be joined because it is a sovereign entity over which this Court cannot exercise jurisdiction. Although the Gaming Compact between the Tribe and the state of California and the Tribe's Patron Tort Claims Ordinance represent a limited waiver of sovereign immunity, (*Def.'s Mot.* Exs. 2, 3 [hereinafter "Waivers"]), Plaintiff has produced nothing to suggest that he is unequivocally entitled

to go beyond the Waiver's Tribal remedies and pursue his claim in federal court.[3]

### C. Because the Tribe is an Indispensable Party, This Suit Must Be Dismissed

If a necessary person cannot be joined, the court must determine whether, in equity or good conscience, the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b). The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Id. Although some courts have noted that balancing the Rule 19(b) factors is not required when the necessary party is immune from suit, Ninth Circuit courts consistently apply the four-part test to determine whether Indian tribes are indispensable parties. Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1499 (9th Cir. 1991).

The most obvious reason that this suit cannot be maintained is that both parties agree that the Casino is a non-legal entity and that the Tribe would be responsible for any recovery due Plaintiff.[4] Clearly, the Tribe would be prejudiced by a judgment that it—or anyone else, for that matter—did not defend against. Neither party in this suit recommends how this prejudice could be lessened or avoided. Finally, there is some evidence suggesting that Plaintiff is already pursuing a claim with the Tribe, and Plaintiff makes no argument that the Tribal remedy is inadequate.

---

[3]For the same reason, the Court denies Plaintiff's request to "stay the proceedings until the case has been adjudicated through the tribal System [sic]." (Pl.'s Opp'n 3.) The Court cannot stay an action when it does not in the first instance have jurisdiction.

[4]In other words, Plaintiff could not have an adequate judgment without the Tribe's presence. See Fed. R. Civ. P. 19(b)(3).

Although Plaintiff argues that equity should allow injured Casino patrons to name the Tribe in a federal action, the Tribes' interest in maintaining sovereign immunity outweighs Plaintiff's interest in litigating his claims. American Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1025 (9th Cir. 2002). Because the Tribe is a necessary party that cannot be joined, and the Court determines that in equity and good conscience this case cannot continue, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's entire Complaint.

## IV. CONCLUSION

For the above reasons, the Court finds that the parties' instant dispute is best analyzed under Rule 19. Because Plaintiff ultimately seeks relief from the Tribe, an indispensable, sovereign entity which cannot be joined in this lawsuit, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's entire Complaint. (Doc. Nos. 4, 5.)

**IT IS SO ORDERED.**

Dated: May 19, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California